## No. 12,034.

### WILLIAM MURRAY VS. JAMES M. SWEENEY.

#### ON MOTION TO DISMISS.

The amount of the fund in the sheriff's hands, the subject of the judgment distributing it, is the test of the right of appeal, and not the amount of appellant's demand. Constitution, Art. 81; Amendment Acts 1882, p. 174; 40 An. 135; 34 An. 1140.

Murray vs. Sweeney.

ON THE MERITS.

Where a demand exceeds five hundred dollars for labor and materials in building addition to, and making repairs on house, there must be a written contract as against third persons, registered in the clerk's office in time.

If the property be sold without separate appraisement, the privilege is lost.

APPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

*Frank McGloin* for Plaintiff, Appellant.

*Farrar, Jonas & Kruttschnitt* for Intervenor, Appellee.

ON MOTION TO DISMISS.

Submitted on briefs February 10, 1896.
Opinion handed down February 24, 1896.

ON THE MERITS.

Argued and submitted March 23, 1896.
Opinion handed down April 6, 1896.

ON MOTION TO DISMISS.

The opinion of the court was delivered by

MILLER, J. The plaintiff obtained judgment against defendant for nine hundred and twenty-five dollars, with privilege on the building erected by him, seized and sold the property. The intervenor asserting a mortgage on the immovable, *i. e.* the building and ground, filed a third opposition claiming to be paid her debt, exceeding the fund in the hands of the sheriff derived from the sale four thousand dollars. From the judgment of the lower court in her favor awarding her the entire fund and denying the plaintiff's privilege, he appeals. The appellee, Mrs. Moore, moves to dismiss the appeal, on the ground that the claim of the appellant being only for nine hundred and twenty-five dollars, with interest, is not within the jurisdiction of this court. If the amount he claims is the test of jurisdiction, the appeal must be dismissed.

The appellant urges his right to appeal arises from the provision in the Constitution conferring on this court jurisdiction in all cases where the fund to be distributed exceeds two thousand dollars. Constitution, Art. 81. Amendment Acts 1882, p. 174, No. 125.

Under the previous constitutions of the State the jurisdiction of the Supreme Court in cases where the appellant claimed less than the appealable amount, to be paid from funds exceeding that amount in the hands of the court, was the subject of frequent contention. The jurisdiction in that class of cases was maintained, but the tests were difficult of application under the scant grant of appellate jurisdiction in previous constitutions; i. e. when the matter in dispute exceeded three hundred dollars. The present Constitution not only gives this court appellate jurisdiction where the matter in dispute exceeds two thousands dollars, but adds, "or funds to be distributed whenever the amount claimed therein shall exceed two thousand dollars." This addition was perhaps made to supply a fixed test of jurisdiction of incidental demands with respect to funds the court was called on to distribute to litigants, some of whose demands might be less than two thousand dollars. This intention is marked by the language, whatever the amount claimed therein. We think, too, that previous decisions have established the construction allowing an appeal where, as in this case, the fund exceeds two thousand dollars, though the claim of the appellant is less. The test may seem arbitrary in a case like this where the only judgment to be rendered is for or against the payment out of the fund of appellant's demand of nine hundred and twenty-five dollars, still in view of the mandate of the organic law and previous decisions we think the appeal must be maintained. The cases cited by appellees from 33 An. 1085 (Loeb & Bloom vs. Orent); 39 An. 86 (Young vs. Duncan), and 43 An. 1041 (Katz & Barnett vs. Gill), have had our attention. The decisions in cases of funds in the hands of sheriffs contended for by parties with conflicting claims to be settled by judgments of distribution, in our view, have direct application and must guide our decision. Weil vs. Ins. Co., 40 An. 135; Renshaw vs. Stafford, 34 An. 1140. They affirm that from a judgment distributing funds exceeding two thousand dollars in the sheriff's hands the test of the right of appeal is that amount and not that of the appellant's claim.

It is therefore ordered, adjudged and decreed that the motion to dismiss be denied.

## ON THE MERITS.

BREAUX, J. The proceeds of the sale of the property, upon which there existed a mortgage and vendor's privilege, were not sufficient in amount to satisfy the mortgage and vendor's privilege of the intervenor, and the privilege of plaintiff for repairs upon the building constructed on the property thus mortgaged.

The plaintiff claims a preference over the proceeds to the amount of his claim, to which he would undoubtedly have been entitled if his privilege had been recorded in time.

The intervenor alleges that the contract claimed by plaintiff was not reduced to writing and recorded; that plaintiff did not apply for a separate appraisement, and as a result the land and the improvements were sold together without regard to any privilege.

The District Court recognized the intervenor as the owner of the two notes she holds, secured by vendor's privilege, and ordered the sheriff to turn over to her the proceeds of the property and to retain in his hands sufficient to satisfy only the costs of sale.

From the judgment the plaintiff prosecutes this appeal.

The amount of intervenor's claim and the date of her privilege are not contested.

With reference to the privilege claimed by the plaintiff as entitled to preference, it is radically null against third persons, for no agreement was reduced to writing and registered, as required by the article of the Code. The amount claimed is over five hundred dollars. In express terms a written contract is made a prerequisite to the privilege.

The following is the language of the Code:

"No agreement or undertaking for work exceeding five hundred dollars which has not been reduced to writing and registered with the Recorder of Mortgages shall enjoy the privilege above granted." C. C. 2775.

Interpreting this article, this court, many years ago, announced that there are two requisites to secure a privilege. Taylor vs. Crain, 16 La. 220, 292. The utterances of the court were equally as clear in Spence vs. Brooks, 6 An. 63, 64, in which case no agreement had been reduced to writing and registered. In Charity Hospital vs. Stickney, 2 An. 550, 551, the court held that the amount due, or to become due, to entitle one to the benefit of a privilege similar to the privilege claimed here, must be fixed in the contract when the amount exceeds the sum stated.

A similar question was at issue in McRae vs. Creditors, 16 An. 306.

Passing from the question of the written contract needful to secure a contractor's privilege, the registry of plaintiff's claim in time *vel non* is the issue next in order for our consideration.

No privilege has preference over pre-existing mortgages and privileges unless "the act or other evidence of the debt is recorded within seven days from the date of the act or other obligation of indebtedness." Act No. 45 of 1877.

It is suggested in behalf of plaintiff, claiming a preference, that the "obligation of indebtedness here stands, by clerical or typographical error, for evidence of indebtedness," and that the penal term (if there was a clerical error or an error in printing committed) was seven days from the confection of the original act, or from the date of other evidence of indebtedness.

It must be conceded that the language of the act, at this point, is peculiar. It is not at all manifest that the error, which plaintiff asserts, was committed. The legislator used the word "obligation;" as interpreter of his will we are not authorized to substitute the word "evidence."

It is reasonable to presume that it was intended to fix a time of recording in order to secure a privilege; that is, from the "date of the obligation;" the rule has certainty in that case, but if it were fixed from "the evidence of the indebtedness" the privilege would become extremely uncertain, and frequently depend upon the mere consent of the debtor contrary to the well settled principle that privileges are independent of the convention of the parties.

As a fact, we have stated that the obligation dated from the 5th of a month and was recorded on the 14th.

The next objection in order: a separate appraisement is urged by intervenor to plaintiff's claim. It is a fact that the sale was not preceded by an appraisement.

Interpreting Art. 3268 this court held that the furnisher is not "entitled to a privilege if he allows the building and the lot to be sold without a separate appraisement." Succession of Cox, 32 An. 1035, 1036.

In Hoy, Tutor, vs. Peterman, 28 An. 289, the claim had been recorded in time, and yet the court held that it was lost by permitting the sale of the house without a separate appraisement.

There are a number of decisions upon this point; we will not

discuss the subject further, for we rest our conclusion on the ground of failure to reduce the contract to writing and register the claim in time.

In the matter of costs, we do not understand that there is any material difference between the plaintiff and the intervenor. The costs include those, it is claimed by the plaintiff, should be deducted from the proceedings for the sale.

The judgment appealed from is therefore affirmed.